UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LONNIE HENDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>TANNER MCVAY; DOES 1-10; BLACK AND WHITE COMPANIES; PARTNERSHIPS A & B, inclusive,<br><br>    Defendants. | Case No. 3:22-cv-00525-LRH-CLB<br><br>ORDER |

Plaintiff Lonnie Henderson initiated this action in the Eleventh Judicial District Court for Mineral County, Nevada on September 15, 2022. Defendant Tanner McVay filed a petition for removal (ECF No. 1) on November 28, 2022, asserting diversity jurisdiction. After review of the complaint and Defendant's petition for removal, the Court finds that it requires more evidence to determine whether subject matter jurisdiction exists. Though it appears that the parties are of diverse citizenship,[1] it is not facially apparent from the complaint, nor has Defendant demonstrated, that the amount in controversy exceeds $75,000 exclusive of interest and costs.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

---

[1] Defendant alleges that Lonnie Henderson is a resident of Mineral County, Nevada and Tanner McVay is a resident of Keith County, Nebraska. ECF No. 1 at V.

1

1    When a defendant files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection to removal is made. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).  When doing so, the Court construes the removal and jurisdiction statutes strictly and in favor of remanding to state court. *Lake v. Ohana Mil. Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021).  If "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In some cases, diversity jurisdiction is facially apparent from the complaint because the plaintiff claimed a sum greater than $75,000. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (quotation omitted). But when it is not facially apparent, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* (quotation omitted).

A defendant's "[c]onclusory allegations as to the amount in controversy are insufficient" to satisfy this burden. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *see also Gaus*, 980 F.2d at 566 ("The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment . . . .") (quotation omitted). The defendant must instead show through "the allegations in the complaint and in the notice of removal, as well as summary-judgment type evidence relevant to the amount in controversy," that the amount in controversy exceeds the jurisdictional threshold. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018).

Here, it is not facially apparent from the complaint that more than $75,000 is in controversy. Henderson alleged in his complaint that he seeks general damages in excess of $15,000, special damages in excess of $15,000, and pre-judgment and post-judgment interest. ECF No. 1-1 at 9. However, a possibility of a damages award is not sufficient to prove that the amount in controversy requirement has been met. Instead, Defendants must present evidence indicating that the amount of damages Henderson seeks will, more likely than not, exceed $75,000.

Recognizing that a facial reading of the complaint does not satisfy the amount in controversy requirement, Defendant asserts that Henderson is seeking more than $75,000 because he is seeking to recover his medical expenses for the treatment and surgery he received. ECF No.

1 at 3. But Defendant has not provided any summary-judgment-type evidence regarding how much Henderson seeks for medical expenses and instead relies on conclusory allegations that the amount in controversy requirement is met. The Court cannot exercise diversity jurisdiction based on those allegations. Accordingly, the Court will provide Defendant additional time to present "summary-judgment-type evidence" to prove that the amount of damages Henderson seeks will, more likely than not, exceed $75,000 exclusive of interest and costs.

IT IS THEREFORE ORDERED that Defendant is granted twenty (20) days from entry of this Order to establish the minimum amount in controversy for federal jurisdiction. Henderson is granted ten (10) days to file an opposition. No reply is required.

IT IS SO ORDERED.

DATED this 12th day of December, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE